# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2621

_____

Margaret Rae Foster

*Plaintiff - Appellant*

v.

Cerro Gordo County, an Iowa Municipal Corporation; City of Mason City, an Iowa Municipal Corporation; Roungaroun Phaiboun; Kevin Pals; Shad Stoeffler; Terry Allen Burns; Additional Unidentified Mason City Police Department Officers or Employees; Additional Unidentified Cerro Gordo County Jail Staff; Josh Stratmann; Brandon Neidermayer; Justin Faught; Chad Harkema; Rusty Pals; Brenda Crom; Marc Kappmeyer

*Defendants - Appellees*

_____

No. 16-3195

_____

Margaret Rae Foster

*Plaintiff - Appellant*

v.

Cerro Gordo County, an Iowa Municipal Corporation; City of Mason City, an Iowa Municipal Corporation; Roungaroun Phaiboun; Kevin Pals; Shad Stoeffler; Terry Allen Burns; Additional Unidentified Mason City Police Department Officers or Employees; Additional Unidentified Cerro Gordo County Jail Staff; Josh Stratmann; Brandon Neidermayer; Justin Faught; Chad Harkema; Rusty Pals; Brenda Crom; Marc Kappmeyer

*Defendants - Appellees*

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

Margaret Foster filed a 42 U.S.C. § 1983 action against individuals and entities associated with both the Mason City, Iowa, Police Department (the City defendants) and the Cerro Gordo County Jail (the County defendants). She claimed that the City defendants used excessive force in arresting her and thereby injured her and that the County defendants showed deliberate indifference to her serious medical needs, that is, failed to provide her with timely medical care for the injuries allegedly sustained at the hands of the City defendants. In two orders, the District Court[1] granted separate motions for summary judgment, the first for the County defendants on January 28, 2016, and then for the City defendants on May 10, 2016.

On February 24, 2016, Foster filed a premature motion under Rule 59(a) of the Federal Rules of Civil Procedure. The District Court characterized it as a motion for reconsideration of the January 28 order granting summary judgment to the County defendants and denied it on March 29, 2016. On April 27, 2016, Foster filed a notice

_____

[1]The Honorable C.J. Williams, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

of appeal (NOA) challenging the January 28 and March 29 orders, and on June 10, a panel of this Court dismissed the appeal for lack of jurisdiction (no final order) because the claims against the City defendants were still pending in the District Court when the NOA was filed. After entering an order in response to Foster's motion for clarification (June 17), this Court denied a motion for reconsideration and a petition for rehearing and rehearing en banc (July 19).

Meanwhile, on May 23, 2016, Foster filed a timely NOA but named only the order of May 10 that granted summary judgment to the City defendants (No. 16-2621). On June 23, Foster sought leave under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure or Rule 60(b) of the Federal Rules of Civil Procedure to amend the NOA to add the January and March orders, but the District Court, on July 14, held that it lacked jurisdiction to rule on the motion because a NOA had been filed.[2] Alternatively, citing Rule 62.1(a) of the Federal Rules of Civil Procedure, the court ruled that if it were permitted to rule on Foster's motion for leave to amend the NOA, it would find excusable neglect and grant the motion.

While Rule 4(a)(5) allows a party an additional 30 days after the expiration of the time allowed by Rule 4(a) for filing a NOA upon a showing of excusable neglect or good cause, the rule includes no provision for *amending* a timely-filed NOA within that time frame, and this Court had not so interpreted the rule. Foster suggests that we have authority to vacate that part of the District Court's order holding that the District Court lacked jurisdiction and allow the alternative ruling to "take effect," but we find no authority permitting us to do so. We conclude that in this case, the better approach is to remand under Rule 12.1 of the Federal Rules of Appellate Procedure. That rule permits a court of appeals to remand a case for further proceedings where a district court has made an indicative ruling on a motion that was filed by a party after a docketed appeal has divested the lower court of jurisdiction.

---

[2]On July 16, 2016, Foster filed a notice of appeal naming the January 28, March 29, and July 14 orders (No. 16-3195). The appeals have been consolidated.

We remand the case for the limited purpose of ruling on Foster's motion to amend the NOA in No. 16-2621, and we retain jurisdiction over the appeals. <u>See</u> Fed. R. Civ. P. 62.1(c); Fed. R. App. P. 12.1(b).

_____