# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3190

_____

Jared Goyette, On behalf of themselves and other similarly situated individuals; Craig Lassig, On behalf of themselves and other similarly situated individuals; Communications Workers of America, On behalf of themselves and other similarly situated individuals; Tannen Maury; Katie Nelson; Stephen Maturen

*Plaintiffs - Appellees*

Michael Shum

*Plaintiff*

Edward Ou; Timothy Evans; Chris Tuite

*Plaintiffs - Appellees*

v.

John Does, 1-2, in their individual and official capacities

*Defendant*

David Hutchinson, Hennepin County Sheriff, in his individual and official capacity

*Defendant - Appellant*

City of Minneapolis; Medaria Arradondo, Minneapolis Chief of Police, in his individual and official capacity; Robert Kroll, Minneapolis Police Lieutenant, in his individual and official capacity; John Harrington, Minnesota Department of Public Safety Commissioner, in his individual and official capacity; Matthew Langer, Minnesota State Patrol Colonel, in his individual and official capacity; Joseph Dwyer, Minnesota State Patrol Major, in his individual capacity

*Defendants*

Appeal from United States District Court
for the District of Minnesota

————————

Submitted: May 9, 2024
Filed: July 30, 2024
[Unpublished]

————————

Before COLLOTON, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

After the May 2020 murder of George Floyd and the April 2021 death of Daunte Wright, crowds gathered in Brooklyn Center, Minnesota. Hennepin County deputy sheriffs, along with state and local law enforcement, responded. Appellees, eight individuals and one organization, claimed they were detained and injured while working as journalists during these events. They asserted 42 U.S.C. § 1983 claims for violations of the First, Fourth, and Fourteenth Amendments, civil conspiracy, and failure to intervene. Hennepin County Sheriff David Hutchinson moved for summary judgment. The district court denied qualified immunity on most claims against the Sheriff and permitted official capacity claims to proceed against him. The Sheriff appeals.

While the case was on appeal, appellees moved, in the district court, to voluntarily dismiss their individual capacity claims against the Sheriff. *See Mogard v. City of Milbank*, 932 F.3d 1184, 1192 (8th Cir. 2019) (this court may exercise pendent appellate jurisdiction over claims "inextricably intertwined" with individual capacity, qualified immunity claims).

The district court properly noted that it lacks jurisdiction to adjudicate the pending motion to dismiss. *See FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014), *quoting State ex. rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d

1102, 1106 (8th Cir. 1999) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal.").

The district court issued an indicative ruling that if it had jurisdiction, it would dismiss the qualified immunity claims. *See* Fed. R. Civ. P. 62.1(c); Fed. R. App. P. 12.1. Accordingly, we remand this case to the district court for the limited purpose of ruling on the appellees' motion to voluntarily dismiss with prejudice individual capacity claims against the Sheriff. *See Foster v. Cerro Gordo Cnty.*, 697 F. App'x 484, 485 (8th Cir. 2017) (Rule 12.1 "permits a court of appeals to remand a case for further proceedings where a district court has made an indicative ruling on a motion that was filed by a party after a docketed appeal has divested the lower court of jurisdiction") (unpublished). This court retains jurisdiction over the appeal during this limited remand. *See* 28 U.S.C. § 2106 (appellate courts may "require such further proceedings to be had as may be just under the circumstances"). When the district court has decided the motion on remand, the parties must promptly notify the circuit clerk.

_____